Broughton v 553 Marcy Ave. Owners LLC (2025 NY Slip Op 02992)

Broughton v 553 Marcy Ave. Owners LLC

2025 NY Slip Op 02992

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., Kennedy, González, Shulman, O'Neill Levy, JJ. 

Index No. 302956/15|Appeal No. 4372|Case No. 2023-05285|

[*1]Tyrell Broughton, Plaintiff-Appellant,
v
553 Marcy Avenue Owners LLC et al., Defendants, Cascade 553, LLC, et al., Defendants-Respondents. [And Third-Party Actions]

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Smith Mazure, P.C., New York (Joel M. Simon of counsel), for respondents.

Amended order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered September 20, 2023, which denied plaintiff's motion for summary judgment on the issue of liability on his causes of action under Labor Law §§ 240(1) and 241(6) as against defendants Cascade 553, LLC, Empire ID Construction, and Blue Rock Contracting Inc., unanimously affirmed, without costs.
Plaintiff has met his initial burden to establish prima facie entitlement to summary judgment on liability on his Labor Law § 240(1) claim. Plaintiff, a laborer for a wrecking company, was injured when he was working on a building demolition project. According to the deposition testimony of plaintiff and one of his coworkers, plaintiff was helping to carry building materials across a roof when he fell approximately 20 feet through a hole in the roof to the floor below. Plaintiff's coworker testified that the hole was covered by an unsecured metal sheet that also fell through the hole along with plaintiff. This testimony, which plaintiff submitted on his motion, suffices to make out a prima facia case, because, as we have repeatedly held, Labor Law § 240(1) is violated when workers fall through unprotected floor openings (see e.g. Guaraca v West 25th St. Hous. Dev. Fund Corp., 226 AD3d 568, 568 [1st Dept 2024]; Cashbamba v 1056 Bedford LLC, 168 AD3d 638, 639 [1st Dept 2019]).
In opposition, defendants have "raised a triable issue of fact as to whether the accident occurred in the manner described by plaintiff" (Aspromonte v Judlau Contr., Inc., 162 AD3d 484, 485 [1st Dept 2018]). Defendants submitted an affidavit and a report of two experts who "opined that plaintiff's injuries are inconsistent with the alleged fall" (id.; cf. Brown v 43-25 Hunter, L.L.C., 178 AD3d 493, 494 [1st Dept 2019]). Defendants' first expert, who holds a bachelor's degree in mechanical engineering as well as a medical degree, determined that "the claimed fall from a height described by [plaintiff], without skeletal fracture or significant objective finding of traumatic injury is implausible and inconsistent with the scientific principles [of biomechanics] and available medical research" and concluded that, in his professional opinion, "the accident did not occur as described by [plaintiff]." Defendants' second expert, a neurosurgeon, conducted an independent medical examination of plaintiff and similarly concluded that plaintiff's account of the accident "challenges credibility," as "his examination is remarkable for nonphysiologic findings, inconsistencies, symptom magnification, and embellishment." The report noted that "[f]alls from a height of 20 feet are typically associated with substantial impact and deceleration type injuries" and plaintiff "had none" that would support his initial claim that he fell 20 feet and landed in a standing position or his later account that he landed face first, struck his head and lost consciousness. Further, the only injury documented in plaintiff's emergency room records on [*2]the date of the accident was an abrasion over his left elbow and plaintiff's subsequent treatment records demonstrated that there was no evidence of "acute traumatic injury" to his cervical and lumbar spines. Accordingly, defendants' experts' mutual conclusion that plaintiff did not experience the acute trauma that a fall from a height very likely would have caused is not mere speculation and is sufficient to create a triable issue of fact, as it is based on a review of plaintiff's medical records and an independent medical examination.
We note that plaintiff's criminal history, standing alone, does not raise credibility issues that preclude summary judgment on liability in his favor (see Gutierrez v Turner Towers Tenants Corp., 202 AD3d 437, 438 [1st Dept 2022]).
We reject defendants' suggestion, based on as yet unproven allegations of fraud in two federal civil RICO actions, that plaintiff may have conspired with his counsel's firm and his medical providers to fabricate his accident and file false insurance and personal injury claims (see Linares v City of New York, 233 AD3d 479, 481 [1st Dept 2024]).
In view of our determination, we find that the motion court also properly denied summary judgment on plaintiff's Labor Law § 241(6) claim (cf. Sanchez v 404 Park Partners, LP, 168 AD3d 491, 492 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025